**FILED**
FEB 2 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
Northern District of California

6 Terry D. Cranford          Case No. C.07-04611 S.B.A
     Plaintiff
7    -v-                      Judge Saundra Brown Armstrong
8 California Dept of Corrections   Demand For Jury Trail
     Defendants Et al         Letter and Exhibits
                              concerning Exhaustion
                              of Administrative Remedies
                              and violation of Due
                              Process.

On this 20th day of Febuary 2008 Plaintiff would like to Inform the Court that Defendants are Past Due yet again on 3rd and Final level of Exhuastion of Administrative Remedies.

The Plaintiff make Court Aware That Defendants have been late at all level's

Attached to this Letter Is copy of 602. Memorandas. copy of 128 G signed under Duress and Threats. The Same one Glen Bliggs signed A letter from another Prisoner About officer Stoklen standing across from Plaintiffs cell with Guns working Gunner Position But stood there for long Period of Time. And Affidavit signed By Prisoner concerning Cranford conversation with nurse Etter on 2-21-2008

Page 1 of 3

The Above mentioned Letter Is True under The Penality of Perjury under state law.

Terry Cranford
2-21-2008

# DECLARATION OF SERVICE BY MAIL

I, __Terry Cranford__, the undersigned, declare:
   Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

    CDC No. __J-79096__    Housing __4-14-Carsen__
    San Quentin State Prison
    San Quentin, CA 94974

On __Febuary 20th__, __2008__, I served the following document(s):

__Letter Concerning Exhaustion of Administrative Remedies Page 1 Page 2 signature and penality of Perjury. 2 pages of Break down of Sergant Bickman 1st level Sumary of Appeal and 9 pages of 602. 1 Letter Affidavit of Eric Follet concerning Stokley Being Gunner.__

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

__Office of The Clerk. U.S District Clerk Northern District of California. 1301 Clay street 400 S Tower Oakland California 94612-5212__

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this __21__ day of __Febuary__, __2008__ at San Quentin, CA, County of Marin.

                                                                   __Terry Cranford__
                                                                   Signature of declarant

United States District Court
Northern District of California

Terry D. Cranford
    Plaintiff

-v-

California Dept of Corrections
    Defendants Et. Al.

Case No. C.07-04611 S.B.A

Judge Saundra Brown Armstrong

Demand For Jury Trial

Affidavit of Cory Adams Concerning Conversation Plaintiff Had with R.N. Etter.

On 2-21-2008 R.N Etter was passing out medication on A.M medi run. When Plaintiff Terry Cranford called Her back to his cell to talk to him. She returned with Physc Redic.

At which time Cranford started talking to Her about his case which I know about from being Cranfords nieghbor for 6 months or better. The conversation was conserning her being called as wittness and another prisoner who was victimized.

This Affidavit Is being signed under the Penality of Perjury of state law on the 21st day of Febuary. 2008

                                            _Cory Adams_
                                Date: 2·21·08

United States District Court
Northern District of California.

Terry D. Cranford    Case No. C.07-04611 S.B.A
  Plaintiff
  -v-              Judge Saundra Brown Armstrong
California Dept of Corrections   Demand For Jury Trail

On 2-4-08 at approximately 08:00 hours I observed C/o Stokely positioned on the gun walk with 2 fully loaded firearms. He remained directly in front of my cell for approximately half an hour without moving. This is clearly an attempt to intimidate and harass! I have been housed here in Ad-Seg for well over 6 months and have not once seen a C/O demonstrate this type of behavior. This is obviously a direct result of the litigation filed against C/o Stokely and I am noting it for the Courts knowledge & Attention.

I state this under penalty of perjury

[signature]

1 | Triage nurse on Tier while she was passing
2 | out medication and she ask me where Glen
3 | Briggs was I said He was never put in ad-
4 | seg because of The 128 G Chrono we signed
5 | and After we were Threaten or coronise that
6 | He was not Threaten or Beat. She said
7 | she knows He Told Her He was.
8 | Then I Told her she was probally going
9 | To be called and she said she knows they
10 | are going to call Her because somebody
11 | had done Talked To Her.

Page 2 of 2

Attachment E   2/21/06

State of California

# Memorandum

Date : November 5, 2007

To : CRANFORD, #J-79096
SAN QUENTIN STATE PRISON

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # 07-2889**

**APPEAL ISSUE:**

Appellant has filed this appeal under Employee Conduct, Rights and Respect of Others. Appellant alleges that on June 12, 2007, he was assaulted by Correctional Officer D. Stokley in the West Block Sergeant's Office.

The Appellant claims that he has received medical attention but is still in pain. The Appellant requests to have his dentures fixed.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
In accordance with Administrative Bulletin 05/03, this appeal is being processed as a Staff Complaint; other issues within this appeal must be appealed separately. A review of the Inmate Appeals Tracking System reflects that Appeal Log # CSQ-2-07-3195 was submitted by the appellant regarding his ongoing pain and pain medication described above.

The Appellant was interviewed on September 1, 2007, by Correctional Sergeant Bickham. The Appellant stated that on June 12, 2007, he exited his cell without authorization and proceeded to the shower area of West Block. Officer Stokley saw him and escorted him to the West Block Sergeant's Office where the two of them were alone. The Appellant indicated Officer Stokley hit him in the head twice with his fist and when the Appellant fell to the ground, Officer Stokley kicked him in the ribs approximately four times. The Appellant was then escorted to the holding cage. The CDCR 128B dated June 18, 2007 signed by the Appellant stating he was not assaulted by West Block staff was reviewed. On Monday, June 18, 2007, the Appellant was taken to the Triage Treatment Area, where he was medically cleared and subsequently expressed his complaint of staff assault. A review of the Offender Based Information System indicates the Appellant was placed in Administrative Segregation following his allegations of staff misconduct. The CDCR 7219 was reviewed and did not note any injures although six days had passed.

CRANFORD J79096
CASE # 07-2889
Page - 2

The following witness statements were reviewed: Correctional Officer D. Stokley, Correctional Officer K. Davis, Correctional Sergeant R. Cannon and inmate Cranford, CDC # J79096 housed in 4-C-14L.

The following information was reviewed as a result of your allegations of staff misconduct: Inmate Appeal CDC 602 dated June 19, 2007, authored by inmate Cranford, CDC # J-79096, the single page handwritten attachment describing the problem, the June 23, 2007 memorandum authored by Correctional Officer D. Stokley, the CDC 128B dated June 18, 2007, the CDCR 7219 dated June 18, 2007 and the CONFIDENTIAL SUPPLEMENT TO APPEAL "APPEAL INQUIRY".

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

John Curzon
Warden/CDW (Second Level)

Date  11-6-07

2

| INMATE/PAROLEE APPEAL FORM CDC 602 (12/87) | Location: Institution/Parole Region 1. SQ 2. _____ | Log No. 1. 07-02889 2. _____ | Category 7 |
|---|---|---|---|

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C/O Stokley. ef

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Terry Cranford | J-79096 | Ad/seg | 4-14-C |

A. Describe Problem: ON 6-12-2007 I WAS (Bent-down) Assaulted Bad By officer Stokley. In west Block sargant's. office. I was Told I was going To get my Dentures Fix. And medical attention If I Needed It. I did Not get medical attention Til The Pain was unbarable And I talked To sargent Pitt's. At Which Time my Blood Presure was 166 over 98 I was ask To sign A 128 G on 6-12-2007 with Another Inmate stating we where not Assaulted.

If you need more space, attach one additional sheet.

B. Action Requested: I would like This 602 Pursant To 832.5 A citizen Complaint- And me be Transfered ASAP being stokley And his wife work Here, And get The medical Attention I'm suppose To and get my Dentures Repaired. And all be

Inmate/Parolee Signature: Terry Cranford    JUL 1 8 REC   JUN 2 1 REC'D   Date Submitted: 6-19-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Bypass

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number:

3

| First Level | ☐ Granted | ☒ P. Granted | ☐ Denied | ☐ Other |
|---|---|---|---|---|

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __JUL 18 2007__   Due Date: __AUG 29 2007__

Interviewed by: _____

see Attached

Staff Signature: _____   Title: Sergeant   Date Completed: 8/30/07

Division Head Approved Signature: _____   Title: AW   Date to Inmate: SEP 04 REC'D

SEP 6 REC'D

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

They still have not figured out what is wrong and I'm only being given motrin for pain. I've had to super glue my dentures and pursant to memorando to me it states Davis and Caynon did not see nothing was happining. They came in back door in sergent office while this. I would like internal affairs involved

Signature: Terry Crawford   Date Submitted: 9-25-2007.
OCT 03 REC'D   SEE ATTACH

| Second Level | ☐ Granted | ☐ P. Granted | ☒ Denied | ☐ Other |
|---|---|---|---|---|

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __OCT 3 2007__   Due Date: __NOV 1 2007__

☐ See Attached Letter

Signature: R Byram _____   Date Completed: 11/5/07

Warden/Superintendent Signature: _____   Date Returned to Inmate: 11/6/07
NOV 06 REC'D

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to:   Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

| DIRECTOR'S ACTION: | ☐ Granted | ☐ P. Granted | ☐ Denied | ☐ Other |
|---|---|---|---|---|

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

B. Action Requested.

Clearly document. And The 128 G be Null And void.

section F. Also I would like Transferred from San Quentin. As soon as Possible. I being Held In Ad seg Because This officers actions This appeal did not come Back To me until 9-23-2007 which I Let office Denmen Know when I Recieved It way Past Time Restraints

4

State of California                            Department of Corrections and Rehabilitation
                                                      San Quentin State Prison



Memorandum

Date     : June 23, 2007

To       : J. Lawson
           Facility Captain

From     : California State Prison, San Quentin CA 94964

Subject  : Inmate Cranford, J79096

On June 12, 2007, while working in West Block, position 240845, Third Tier Officer, I prepared the tier for the morning meal by unlocking the cell doors. As I made my way to the end of the tier, I noticed Inmate Cranford, J79096, running from the second tier to the third tier on the rear landing stairs. This concerned me especially, as the rear stairwell security gates are always locked, and this inmate was in breach of security.

Upon seeing him on the stairwell, I immediately ordered Cranford to stop where he was, and he complied. As I neared Inmate Cranford, I noticed he was agitated, and he began to tell me, "I just needed to get something to the Third Tier." I approached him and asked him to turn around and place his hands on the wall. Once he did this, I patted him down, and escorted him downstairs to the holding cells in the West Block rotunda. While I was leading him downstairs, I counseled Cranford and advised him that no inmates were allowed in that area of the unit unsupervised, and he was "out of bounds."

Upon securing Cranford in a holding cell, I informed Sergeant Cannon of what had taken place.

This memorandum is being furnished upon your request. If you should have any further questions regarding this matter, please contact me at ext. 5053.


D. Stokley
Correctional Officer
First Watch

5.

GA-47-8

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS  
CDC 128 B (8-87)

NAME and NUMBER   Cranford J79096

On June 18, 2007 at approximately 0930 hours I conducted an interview with inmate Cranford. I asked him was he assaulted by West Block staff and inmate Cranford stated "No." I asked Him again with Officer Broyles as a witness, did West Block staff assault you, and you stated again "No."
I informed inmate Cranford if you are claiming staff assault you need to tell me so I can open an investigation and again Cranford stated "No West Block staff assaulted me." This concluded my interview with inmate Cranford.

_/s/ Cranford J79096_

Original:   Central File
     cc:   Inmate
           Counselor
           Writer
DATE    06/18/07

R. Broyles, Correctional Officer

R. Cannon
Correctional Sergeant
West Block

INFORMATIONAL CHRONO

CSP-SQ

At The same Time This Chrono was signed There was one signed By Inmate Glen Briggs cell 412 Because we were threaten About being Put IN Ad seg

6

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle): INJURY / USE OF FORCE / (UNUSUAL OCCURRENCE) / ON THE JOB INJURY / PRE AD/SEG ADMISSION | DATE |
|---|---|---|---|
| J 79070 SP | TA | UNUSUAL OCCURRENCE (circled) | 6/18/07 |

**THIS SECTION FOR INMATE ONLY**
- NAME LAST: Crawford   FIRST: 
- CDC NUMBER: J79070
- HOUSING LOC.: 1W67
- NEW HOUSING LOC.:

**THIS SECTION FOR STAFF ONLY** — (blank)

**THIS SECTION FOR VISITOR ONLY** — (blank)

- PLACE OF OCCURRENCE:
- DATE/TIME OF OCCURRENCE:
- NAME OF WITNESS(ES):
- TIME NOTIFIED:
- TIME SEEN: 1925
- ESCORTED BY: C/O
- MODE OF ARRIVAL (circle): AMBULATORY (circled) / LITTER / WHEELCHAIR / ON SITE
- AGE: 20
- RACE: W
- SEX: M

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE:
"I feel ok"

**INJURIES FOUND? YES / NO** (NO circled)

| # | Injury Type |
|---|---|
| 1 | Abrasion/Scratch |
| 2 | Active Bleeding |
| 3 | Broken Bone |
| 4 | Bruise/Discolored Area |
| 5 | Burn |
| 6 | Dislocation |
| 7 | Dried Blood |
| 8 | Fresh Tattoo |
| 9 | Cut/Laceration/Slash |
| 10 | O.C. Spray Area |
| 11 | Pain |
| 12 | Protrusion |
| 13 | Puncture |
| 14 | Reddened Area |
| 15 | Skin Flap |
| 16 | Swollen Area |
| 17 | Other |

- O.C. SPRAY EXPOSURE? YES / NO (NO circled)
- DECONTAMINATED? YES / NO (NO circled)
- Self-decontamination instructions given? YES / NO (NO circled)
- Refused decontamination? YES / NO (NO circled)
- Q 15 min. checks:
- Staff issued exposure packet? YES / NO (NO circled)

- RN NOTIFIED/TIME: 1925   KSL
- PHYSICIAN NOTIFIED/TIME:
- TIME/DISPOSITION:
- REPORT COMPLETED BY/TITLE (PRINT AND SIGN): [signature]
- BADGE #: 234749
- RDOs: 

(Medical data is to be included in progress note or emergency care record filed in UHR)

STATE OF CALIFORNIA  
RIGHTS AND RESPONSIBILITY STATEMENT  
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>x Terry Crawford | INMATE/PAROLEE'S SIGNATURE<br>x Terry Crawford | CDC NUMBER<br>J-79096 | DATE SIGNED<br>8-22-2007 |
| RECEIVING STAFF'S PRINTED NAME<br>C. Bickham | RECEIVING STAFF'S SIGNATURE<br>C.B. | DATE SIGNED<br>8/22/07 | |

DISTRIBUTION:  
ORIGINAL -  
Public - Institution Head/Parole Administrator  
Inmate/Parolee - Attach to CDC form 602  
Employee - Institution Head/Parole Administrator  
COPY - Complainant

8

"State of California                                                                                    Attachment E   2/21/06

# Memorandum

Date : :   August 30, 2007

*[handwritten: Took From June al( The way To 9-4-07 To get first level Response]*

To   :   Cranford, J-79096

Subject:   STAFF COMPLAINT RESPONSE - APPEAL #CSQ-2-07-02889

**APPEAL ISSUE:**
ISSUE #1) Inmate Cranford, J-79096 claims that on June 12, 2007, he was assaulted by Correctional Officer D. Stokley in the West Block Sergeants office.

ISSUE #2) Inmate Cranford, J-79096 claims he needed his dentures fix and needed to receive medical attention because the pain from being assaulted was unbearable.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
On Saturday, September 01, 2007, Officer D. Stokley agreed that his submitted memorandum submitted to me was accurate description of the incident in question. Stokley said that while setting up the third tier for chow release he saw you running from the second tier to the third tier on the rear landing stairs. He said he immediately ordered you to stop and you complied. As he neared you he noticed you were agitated, and you told him you needed to get something from the third tier. Stokley approached you and asked you to turn around and place his hands on the wall. Once he patted you down he escorted you downstairs and placed you in a holding cell in the West Block rotunda, and informed Sgt. Canon of what had taken place. I also interviewed Officer K. Davis. Officer Davis told me that he didn't see Officer Stokley use force on you. Davis said "I came out of the Sergeant's office and Crandford was already in the holding cage. I interviewed Sergeant R. Cannon who told me he and Officer Davis walked out of the Sergeant's office together and observed you had already been placed in the holding cage in the West Block rotunda. Then Officer Stokley explained to him what happened that he caught Cranford running the tiers.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted OR as an investigation is being conducted by the Office of Internal Affairs. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below

_____                                           9-4-07
Warden/CDW/HCM (Second Level) AW/Med .Mgr. (First Level)                   Date

TERRY D. CRAWFORD
J-79096   4-14-Carsen
SAN Quentin State Prison
SAN Quentin CAliforniA
94974

U.S District Court,
Northern District of California
1301 Clay Street 400 S Tower
Oakland California 94612-50[..]