FILED
MAR - 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
Northern District of California

Terry D. Cranford
Plaintiff
-v-
California Dept of Corrections
Defendants et. al

Case No. C-07-04611 S.B.A
Judge Saundra Brown Armstrong
Demand For Jury Trail
Exhausted 602 For Staff Complaint And Exhibits

On this 3rd day of march 2008 Plaintiff Produce To Court by mail with Proof of service 602 For Staff Complaint Plus 11 Addictional Pages

Plaintiff would Like court To Take notice on First Page Director Review It In section 1 Appellants Argument. That Plaintiff went To Sargents office To Complain of medical and Dental. This is not True. He was Escorted There by officer Stokley.

And as Stated before The 128-G was signed under mental Duress And Threats. Plaintiff would also Like Court to Take notice start Date 6-17-2007 Finish Finish 2-25-2008 way Beyound Time Restaunt

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 2 5 2008

In re: Terry Cranford, J79096
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0715103        Local Log No.: SQ-07-02889

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I APPELLANT'S ARGUMENT:** It is the appellant's position that he was assaulted by Correctional Officer (CO) Stokley in the West Block Sergeant's office on June 12, 2007, at San Quentin State Prison (SQ). He went there to complain about the provision of inadequate medical and dental attention. He was subsequently asked to sign a CDC Form 128-G, Classification Chrono, to state that he was not assaulted. He requests investigation of his staff complaint, transfer to another institution, and to receive the medical and dental care that he needs.

**II SECOND LEVEL'S DECISION:** The reviewer found that the appellant was interviewed and reported that CO Stokley hit him in the head twice with his fist and, when the appellant fell to the ground, CO Stokley kicked him in the ribs approximately four times. The appellant was then reportedly escorted to the holding cell. The appellant signed a CDC Form 128-B, General Chrono, dated June 18, 2007, that stated he was not assaulted. An inquiry into the appellant's staff complaint was conducted. All staff personnel matters are confidential and will not be disclosed.

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A. FINDINGS:** The Director's Level of Review examined the confidential report of staff inquiry and found that the inquiry was conducted in a manner consistent with CDCR regulations, policies, and law. The appellant will not be informed of the finding of the inquiry because it is confidential. The appellant's request for action on appeal other than investigation of his staff complaint must be submitted on a separate CDC Form 602, Inmate/Parolee Appeal Form.

   **B. BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3391
   Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

   **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SQ
    Appeals Coordinator, SQ

Page 4 of 10

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| SQ | 07-03889 | 7 |

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Terry Crawford | T-79096 | Ad/seg | 4-14-C |

C/o Stokley or

A. Describe Problem: On 6-13-2007 I was (Beat-down) Assaulted Bad by officer Stokley. In west Block sargent's office. I told him I was going to get my dentures Fix. and medical attention if I needed it. I did not get medical attention Til the pain was unbarible. And I talked to sargent Pitts. At which Time my Blood Presure was 160 over 82 I was ask to sign a 128 g on 6-13-2007 with another Inmate stating me where not Assaulted.

If you need more space, attach one additional sheet.

B. Action Requested: I would like this 602 Persuit to 832.5 a officer complaint. And me be Transfered ASAP being Stokley and his Wife work here. And get the medical attention I'm suppose to And get my dentures Repaired. And all be __

Inmate/Parolee Signature: Terry Crawford    Date Submitted: 6-19-2007

JUL 1 8 RECD JUN 2 1 RET'D

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: **Bypass**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED NOV 26 2007 APPEALS BRANCH

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: JUL 18 2007 Due Date: AUG 29 2007

Interviewed by:

See Attached

Staff Signature: [signature] Title: Sergeant Date Completed: 8/30/07

Division Head Approved: [signature] Title: [signature] SEP 6 RECD

Signature: Date to Inmate: SEP 04 RECD

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

They still have not Figured out what IS wrong And Im only being given motrin For Pain. I've had To super Glue my Dentures And Pursant To memorando To me It states Davis And Caynow did not see nothin They came In Back Door In sergent office while This was Happing. I would like Internal Affairs Investig

Signature: Terry Crawford OCT 03 RECD Date Submitted: 9-25-2007. See Attach

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: OCT 3 2007 Due Date: NOV 01 2007

☐ See Attached Letter

Signature: [signature] Date Completed: 11/5/07

Warden/Superintendent Signature: [signature] NOV 06 RECD Date Returned to Inmate: 11/6/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

IN Sergeant BicKmans sammary For Appeal (And Him being only Person I have TalKed To) No were does It state I Told him Caynon And Davis came In Back door while stoKley was KicKing. And It was Davis who Put me In Holding Cage Per Caynon's order (Also These were only Two Interviewed. Following meorandom. The 1286 was signed under Duress Attached Page

Signature: X Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

Section H continued on next Page

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: FEB 25 2008

CDC 602 (12/87)

B. Action Requested

Clearly document. And the 128 G be null and void.

---

Section F. Also I would like transferred from San Quentin. As soon as possible. I being held in Ad Seg Because this officers actions This appeal did not come back to me until 9-23-2007 which I let office Denmen know when I Recieved It way Past Time Restraints

Continue Section H.
 Of Sergeant Caynow Telling us Glen Briggs And me He new shot Caller's And STUFF Could Happen To us. And That we were going To be Put In Ad seg with New Charges.
 Sergeant Bickman Also stated I was cleared when I went To Triage Ducoat on 6-18-2007. Not True. In Fact my Appointment was cancelled Before I got seen After Personell out of Unit Found out what was going on This Is when I Figured I Talk To some one. Not Envolved. Which was Sergeant Pitts And he Took me To Infirmy because he could Tell I was shock up And In Pain. And was not with what was going on on 2nd Watch. He Also New About Incident on 6-12-2007. And was waiting To See If They handled Per my Request.
 Also I have not Recieved written Description of Procedures Taken following Penal code 148.6 Citizen Complaint I was Finally Taken To Get Dentures Fixed After Putting In yet Another 602 my medical Problem still has not been Found. I would like To Get All written statments on This Incident And notified If This officer has any other Citizen Complaints against him no body has even come to Talk to me For Second level Review And yet 602 was not returned to me until 11-9-2007 At which Time I made copies completed And mailed on 11-15-2007 my due Process Rights have been violated All Through 602 Process As of The 14 of Nov 2007 I was Told I have Follow up Dr. Appointment 1½ months Away.

*Please staple*
*2 Appeals enclosed*

Attachment E    2/21/06

State of California

# Memorandum

Date : November 5, 2007

To : CRANFORD, #J-79096
SAN QUENTIN STATE PRISON

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # 07-2889**

**APPEAL ISSUE:**

Appellant has filed this appeal under Employee Conduct, Rights and Respect of Others. Appellant alleges that on June 12, 2007, he was assaulted by Correctional Officer D. Stokley in the West Block Sergeant's Office.

The Appellant claims that he has received medical attention but is still in pain. The Appellant requests to have his dentures fixed.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
In accordance with Administrative Bulletin 05/03, this appeal is being processed as a Staff Complaint; other issues within this appeal must be appealed separately. A review of the Inmate Appeals Tracking System reflects that Appeal Log # CSQ-2-07-3195 was submitted by the appellant regarding his ongoing pain and pain medication described above.

The Appellant was interviewed on September 1, 2007, by Correctional Sergeant Bickham. The Appellant stated that on June 12, 2007, he exited his cell without authorization and proceeded to the shower area of West Block. Officer Stokley saw him and escorted him to the West Block Sergeant's Office where the two of them were alone. The Appellant indicated Officer Stokley hit him in the head twice with his fist and when the Appellant fell to the ground, Officer Stokley kicked him in the ribs approximately four times. The Appellant was then escorted to the holding cage. The CDCR 128B dated June 18, 2007 signed by the Appellant stating he was not assaulted by West Block staff was reviewed. On Monday, June 18, 2007, the Appellant was taken to the Triage Treatment Area, where he was medically cleared and subsequently expressed his complaint of staff assault. A review of the Offender Based Information System indicates the Appellant was placed in Administrative Segregation following his allegations of staff misconduct. The CDCR 7219 was reviewed and did not note any injures although six days had passed.

*Page 1 of 10*

CRANFORD J79096
CASE # 07-2889
Page - 2

The following witness statements were reviewed: Correctional Officer D. Stokley, Correctional Officer K. Davis, Correctional Sergeant R. Cannon and inmate Cranford, CDC # J79096 housed in 4-C-14L.

The following information was reviewed as a result of your allegations of staff misconduct: Inmate Appeal CDC 602 dated June 19, 2007, authored by inmate Cranford, CDC # J-79096, the single page handwritten attachment describing the problem, the June 23, 2007 memorandum authored by Correctional Officer D. Stokley, the CDC 128B dated June 18, 2007, the CDCR 7219 dated June 18, 2007 and the CONFIDENTIAL SUPPLEMENT TO APPEAL "APPEAL INQUIRY".

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

John Curzon         _John Cu_ (signature)                              Date  11-6-07
Warden/CDW (Second Level)

Page 2 of 10

"State of California                                                                                      Attachment E    2/21/06

# Memorandum

Date :   :   August 30, 2007

To   :   Cranford, J-79096

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL #CSQ-2-07-02889**

**APPEAL ISSUE:**
ISSUE #1) Inmate Cranford, J-79096 claims that on June 12, 2007, he was assaulted by Correctional Officer D. Stokley in the West Block Sergeants office.

ISSUE #2) Inmate Cranford, J-79096 claims he needed his dentures fix and needed to receive medical attention because the pain from being assaulted was unbearable.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
On Saturday, September 01, 2007, Officer D. Stokley agreed that his submitted memorandum submitted to me was accurate description of the incident in question. Stokley said that while setting up the third tier for chow release he saw you running from the second tier to the third tier on the rear landing stairs. He said he immediately ordered you to stop and you complied. As he neared you he noticed you were agitated, and you told him you needed to get something from the third tier. Stokley approached you and asked you to turn around and place his hands on the wall. Once he patted you down he escorted you downstairs and placed you in a holding cell in the West Block rotunda, and informed Sgt. Canon of what had taken place. I also interviewed Officer K. Davis. Officer Davis told me that he didn't see Officer Stokley use force on you. Davis said "I came out of the Sergeant's office and Crandford was already in the holding cage. I interviewed Sergeant R. Cannon who told me he and Officer Davis walked out of the Sergeant's office together and observed you had already been placed in the holding cage in the West Block rotunda. Then Officer Stokley explained to him what happened that he caught Cranford running the tiers.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted **OR** as an investigation is being conducted by the Office of Internal Affairs. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below

_____                                         9-4-07
Warden/CDW/HCM (Second Level) AW/Med .Mgr. (First Level)                 Date

PAGe 10 oF 10

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS  
CDC 128 B (8-87)

NAME and NUMBER     Cranford   J79096

On June 18, 2007 at approximately 0930 hours I conducted an interview with inmate Cranford. I asked him was he assaulted by West Block staff and inmate Cranford stated "No." I asked Him again with Officer Broyles as a witness, did West Block staff assault you, and you stated again "No."
I informed inmate Cranford if you are claiming staff assault you need to tell me so I can open an investigation and again Cranford stated "No West Block staff assaulted me." This concluded my interview with inmate Cranford.

Cranford J79096

R. Broyles, Correctional Officer

R. Cannon
Correctional Sergeant
West Block

Original:  Central File
cc:  Inmate
     Counselor
     Writer
DATE   06/18/07

**INFORMATIONAL CHRONO**

CSP-SQ

At The sAme Time This chrono was signed There wAs one signed By Inmate Glen Briggs cell 412 BecAuse we were ihrenten About being Put In Ad seg

PAge 7 oF 10

State of California                    **Department of Corrections and Rehabilitation**
                                       San Quentin State Prison



# Memorandum

Date    : June 23, 2007

To      : J. Lawson
          Facility Captain

From    : California State Prison, San Quentin CA 94964

Subject : Inmate Cranford, J79096

On June 12, 2007, while working in West Block, position 240845, Third Tier Officer, I prepared the tier for the morning meal by unlocking the cell doors. As I made my way to the end of the tier, I noticed Inmate Cranford, J79096, running from the second tier to the third tier on the rear landing stairs. This concerned me especially, as the rear stairwell security gates are always locked, and this inmate was in breach of security.

Upon seeing him on the stairwell, I immediately ordered Cranford to stop where he was, and he complied. As I neared Inmate Cranford, I noticed he was agitated, and he began to tell me, "I just needed to get something to the Third Tier." I approached him and asked him to turn around and place his hands on the wall. Once he did this, I patted him down, and escorted him downstairs to the holding cells in the West Block rotunda. While I was leading him downstairs, I counseled Cranford and advised him that no inmates were allowed in that area of the unit unsupervised, and he was "out of bounds."

Upon securing Cranford in a holding cell, I informed Sergeant Cannon of what had taken place.

This memorandum is being furnished upon your request. If you should have any further questions regarding this matter, please contact me at ext. 5053.



D. Stokley
Correctional Officer
First Watch

GA-47-8

Page 6 OF 10

STATE OF CALIFORNIA                                                          ARTMENT OF CORRECTIONS AND REHABILITATION
# MEDICAL REPORT OF INJURY
# OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| J 79 0705 SP | T/A | USE OF FORCE / (UNUSUAL OCCURRENCE) | | PRE AD/SEG ADMISSION | 6/18/07 |

| THIS SECTION FOR INMATE ONLY | NAME LAST: Crawford | FIRST | CDC NUMBER: J79070 | HOUSING LOC.: 1W67 | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST / FIRST | | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST / FIRST / MIDDLE | | | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | | |
|---|---|---|---|---|---|---|
| TIME NOTIFIED | TIME SEEN: 1925 | ESCORTED BY: CU | MODE OF ARRIVAL (circle): (AMBULATORY) LITTER WHEELCHAIR ON SITE | AGE: 20 | RACE: W | SEX: M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I feel ok"

| INJURIES FOUND? YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| TIME/DISPOSITION: 1925 | KSL |

Page 8 OF 10

REPORT COMPLETED BY/TITLE (PRINT AND SIGN)    BADGE #: 23749    RDOs: A3

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator
(only work related injury)

| STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|
| RIGHTS AND RESPONSIBILITY STATEMENT | |
| CDCR 1858 (Rev. 10/06) | |

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| X Terry Cranford | X Terry Cranford | J-79096 | 8-22-2007 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| C. Bickham | C.P. | 8/22/07 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

Page 9 of 10

```
CMHQ J79096                    CRANFORD,TERRY,DALE                    PAGE 01
    *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 06/19/2007

06/19/2007   TRANSFERRED      TO SQ-RC              FROM SQ

06/18/2007   TRANSFERRED      TO SQ    ADSEG    FROM SQ-RC   TEMPORARILY

05/22/2007   RETURNED         TO SQ-RC
                              RET FROM PAROLE    RET STATUS PWNT
                              CSE# SCR509555 /SONOMA CO

02/01/2007   STATUS CHANGED TO RETPAR    FROM PRTC       REL TO REG2   SR1
                                              CO: SON

02/01/2007   STATUS CHANGED TO PRTC      FROM PENDREV

12/22/2006   RETURNED         TO SQ-RC
                              RET FROM PAROLE    RET STATUS PENDREV

06/30/2006   STATUS CHANGED TO RETPAR    FROM PRTC       REL TO REG2   SR1
                                              CO: SON

04/24/2006   STATUS CHANGED TO PRTC      FROM PENDREV
 P/N PRESS ENTER FOR NEXT PAGE
```

Page 3 of 10

Date: 11/5/2007 Time: 4:59:10 PM

# DECLARATION OF SERVICE BY MAIL

I, __Terry Crawford__, the undersigned, declare:
 Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No. __J-79096__   Housing __4-14-C__
San Quentin State Prison
San Quentin, CA 94974

On __3rd March__, __2008__, I served the following document(s):
      Month/Day         Year

__Caption Paper Describing Context__
__602 with 11 Pages on Staff Complaint__
__Proof of Service by Mail__

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

__Office of The Clerk U.S District Court__
__Northern District of California__
__1301 Clay St Suit 400 S__
__Oakland California__
__94612-5212__

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this __3rd__ day of __March__, __2008__, at San Quentin, CA, County of Marin.

__Terry Crawford__
Signature of declarant