FILED
MAR - 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1. United States District Court
2. Northern District of California
3.
4.
5.
6. Terry D. Cranford            Case No. C.07-04611 S.B.A
        Plaintiff
7.    -v-                       Judge Saundra Brown Armstrong
8. California Dept of Corrections   Demand For Jury Trail
9.       defendant et. al       Exhauted 602 For
10.                             medical with 6
11.                             Addictional Pages
12.                             An Proof of Service
13.
14.     On the 3rd day of march 2008
15. Plaintiff Produce Exhaust medical
16. 602. with Exhibit. while Plaintiff
17. Is still aoing To medical. And having
18. Physican Dr Wu Say It could Probally
19. Just be a bad Sprang.
20.     Also Stated In Directors level
21. Review About Time Restraints Due
22. Process. Pur Title 15 They have 120
23. For All levels This Appeal went From
24. 7-8-2007 To 2-27-2008 Some 7 months
25. And 15 or more days.
26.
27.
28.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 2 7 2008

In re: Terry Cranford, J79096
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0715160        Local Log No.: SQ-07-03195

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner V. O'Shaughnessy. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he was evaluated by Dr. Wu for the injury he sustained from an assault at the West Block. The appellant claims that his pain scale was at 10 and he needed something for pain and Dr. Wu would only provide muscle rub. The appellant is requesting his pain be addressed and to know the results of his x-ray.

**II   SECOND LEVEL'S DECISION:** The reviewer found that on July 26, 2007, Nurse Practitioner (NP) Hanna ordered a right hip x-ray and Motrin 400 milligrams (mg) every 6 hours for pain. On August 24, 2007, the appellant was evaluated by NP Hopkins who renewed the Motrin. The right hip x-ray was taken on August 17, 2007 and revealed no significant hip abnormality. On October 2, 2007, the appellant was examined by Dr Wu. At that time the appellant reported that Elavil helped in the past, therefore, Dr. Wu prescribed Elavil 25 mg every night for two months. The appeal was granted at the Second Level of Review (SLR) on November 5, 2007.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The Director's Level of Review (DLR) reviewed the appellant's appeal complaint and the SLR response. At the DLR, the appellant noted that the SLR was due back to him on October 25, 2007 but he did not receive it until November 9, 2007. He claims his due process rights have been violated in every response. The DLR notes that unfortunately, the institution has suffered a backlog in medical appeals due to medical staff and appeal staff shortages. The delay did not impact the processing or responding to the appeal. The appellant received his responses and had the opportunity to upgrade his appeal at each level. It is apparent that physicians have examined the appellant and provided health care in accordance with their professional opinions. An inmate should not expect a physician to treat him in accordance with the inmate's judgment. The physician has the experience and license to determine the course of medical treatment. The appellant is encouraged to monitor his condition and notify medical staff of any changes. The appellant is receiving formulary medications to address his pain and he has received x-rays to identify the source of the pain. He is advised to continue working with his medical providers to ensure his needs are met. No modification to the SLR is warranted.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

**C.   ORDER:** No changes or modifications are required by the Institution.

TERRY CRANFORD, J79096
CASE NO. 0715160
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SQ
      Health Care Manager, SQ
      Appeals Coordinator, SQ
      Medical Appeals Analyst, SQ

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| | 1. 0703195 | 1. |
| | 2. | 2. |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Terry Crawford | I-79096 | | 4-147-Larson 4/D/14 |

A. Describe Problem: I went to see Dr. Wu on the 25th for Injury I received from being assaulted in West Block. Told him the pain was on scale 10. And that I needed something for pain. He said he could not give me nothing besides muscle Rub. I told him I was already on Vexerill. I seen Emergency tech on the 12th who signed 168-98 and then on 22 July-04 I had X-rays done on the Arm.

B. Action Requested: I would like to get something for this pain and find out what happened on X-Rays. Please Handle this appeal following 3024-7 Emergency Appeal.

Inmate/Parolee Signature: Terry Crawford    Date Submitted: 7-8-2006

C. INFORMAL LEVEL (Date Received): RECD JUL 10 2007       PARTIALLY GRANTED

Staff Response: I REVIEWED YOUR APPEAL AND MEDICAL RECORDS. YOU HAD X-RAY DONE JULY 3, 2007 AND YOU WILL SEE YOUR PROVIDER THIS WEEK. YOU CAN TALK TO HER ABOUT YOUR MEDICAL ISSUES.

Staff Signature: M. Paley RN 7-29-07    Date Returned to Inmate: JUL 26 2007

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Seen doctor again on 7-27-2007 and she said all she could prescribe was motrin. And going to do hip X-Ray. The pain I am suffering is not being medicated by the motrin. I need to find out what is wrong with my hip.

Signature: Terry Crawford    Date Submitted: 7-31-2007

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

AUG 02 REC'D

RECEIVED NOV 26 2007 APPEALS BRANCH

Page 3 of 5

Chief Medical Officer

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: AUG 0 2 2007 Due Date: SEP 14 2007

Interviewed by: RN Zmek

AUG 15 2007

SEE ATTACHED MEMO

Staff Signature: [signature] RN 9/7/7 Title: SRN II Date Completed: SEP 10 2007

Division Head Approved: [signature] Title: DON 9/10/07 Returned

Signature: Date to Inmate: SEP 12 REC'D

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I did not say I Requested mortin I said Thats what was being givin To me (And was not cutting Pain) But was suppose To be Refilled on 8-24-2007. which I did not Recieve until 9-10-2007. 17 day's later. After contacting Tired MTA 3 Tim

Signature: Terry Cranford SEP 26 REC'D Date Submitted: 9-23-07

Second Level ☒ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: SEP 26 2007 Due Date: OCT 25 2007

☒ See Attached Letter RECD OCT 01 2007

NOV 06 2007

Signature: [signature] RN 11/5/07 Date Completed:

Warden/Superintendent Signature: [signature] 11/5 NOV 06 REC'D Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

In The Responses It states over and over I Requested motrin At no Time have I. And I was kicked In my side. I said The Pain Is shooting Through my Hip. I First had A spine X Ray Then Hip. Both I had To Request. ~~The~~ I did not Tell Dr Wu That I had been on Evill[e] Before. Thats Just what he Prescribed. And seems To cut The Pain A little. But I still Need To Find out What Problem Is (attached sh[eet])

Signature: Terry Cranford Date Submitted: 11-15-2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: FEB 27 2008

CDC 602 (12/87)

Continue. A section Appeal Log #CSQ 2-07-03195

Elavil was prescribed for me on Oct 2-2007 after I have been going through unbearable pain that motrin or the acetaminophen. (That was givin to me by Officer Davis on 6-13-2007 Him not being Authorized Staff as on Page 2.) was cutting.

I have repeatly told medical staff that the pain is like in Right side and is shooting through hip and do inside of right leg. That I can hardly put my socks on because when trying to bend over the pain thats in lower back by vertabrai and through my right hip to inside of right leg.

I also told Miss Hopkins that since this incident I have had problems with my urination as in when I would urinate then sit down it would continue to come out. That's when she said I should not be taken like aspirn as was givin to me by Davis. And did Hepititis Test. Now the Elavil is cutting the pain a little bitter but I still need to find the problem if its long time chronic illness. When I sit on my mattress on floor to write some times I have hard time standing straight up again. I even told Dr Wu. That I have about fainted like a pinched nerve. And he said on Oct 2nd he thought it might be a mild sprang. I have went from 6-12-2007 to Oct 2-2007 In sever pain with just motrin. I went to on 10-19-2007 and Tech Manni told me that Wu schedule appointment for 2 months away after He prescribed the Elavil on 10-2-2007. And Manni Froged told me he was going to move appointment up to the next week it never happen so I put in another sick call slip and was seen at cell door on 11-14-2007 And was told my appointment is 2 months away

State of California

# Memorandum

Date:   September 7, 2007

To:   **Cranford F79096**

Subject:   **FIRST LEVEL APPEAL**

This memo is in response to your First Level Appeal, Log #CSQ-2-07-03195. You were interviewed by RN Zmek. Your appeal at the First Formal Level stated that: "Motrin is not helping the pain in your hip and you want to know what is wrong with it.

Upon review of your Unit Health Record and Pharmacy records, you appeal is PARTIALLY GRANTED. Upon interview at your cell front, you said that you were kicked in June 2007 on your right hip area and you have been seen by doctor. You stated your last appointment was on August 24, 2007, at which time you requested a refill on your Motrin which was given. You have also been sent for x-rays and results are pending. You are scheduled for a return visit to your provider in the next 2 weeks.

*[signature]*
S. Grove, RN
Supervising Registered Nurse II
CSP-SQ

PAge 5 oF 5

*Please staple*

State of California — Department of Corrections and Rehabilitation

# Memorandum

This Appeal was Due Back To me on 10-25-2007 I Did not Recieve It Back Til 11-9-2007 made Copies And Complete And mailed For 3rd level Response on 11-15-2007. my Due Process Rights have Been violated Every Response.

Date: November 5, 2007

To: CRAWFORD, J79096

From: San Quentin State Prison (SQ)

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO. CSQ-2-07-03195

**ISSUE:** You state that you saw Dr. Wu for the injury you sustained from an assault at the West Block. Your pain scale was at 10 and you needed something for pain and he told you that you can only have muscle rub. You had x-rays done.

You request to have something for pain and follow up your x-ray results.

<u>INTERVIEWED BY:</u> C. Zmeck Registered Nurse

Your Unit Health Record (UHR) and all submitted documentation and supporting information has been considered, including the interview at the First Level of Review (FLR).

Your appeal was PARTIALLY GRANTED at the FLR and the response at the FLR is as follows: "*Upon review of your Unit Health record and Pharmacy records, your appeal is **PARTIALLY GRANTED**. Upon interview at your cell front, you said that you were kicked in June 2007 on your right hip area and you have been seen by the doctor. You stated your last appointment was on August 24, 2007, at which time you requested a refill on your Motrin which was given. You have also been sent for x-rays and results are pending. You are scheduled for a return visit to your provider in the next 2 weeks.*"

In requesting a Second Level Review, you state you did not request for Motrin but that was given to you. It does not relieve the pain and you did not get your refill on time.

**SECOND LEVEL RESPONSE:**

Upon review of your Unit Health Record it is noted that on July 26, 2007, you were seen by Nurse Practitioner Hanna at which time she addressed your complaints of right hip pain. She ordered a right hip x-ray and Motrin 400 mg every 6 hours for pain. On August 24, 2007, you were seen by Nurse Practitioner Hopkins at which time she addressed your complaints of right hip pain. The Motrin was renewed at that time. The right hip x-ray taken on August 17, 2007 revealed "no significant hip abnormality."

You were seen by Dr. Wu on October 2, 2007. You reported that Elavil helped in the past, therefore, he prescribed Elavil 25 mg every night for two months.

**DECISION:** For the reasons cited above, your appeal is granted in that you were prescribed medication for right hip pain and you have been notified of your right hip x-ray result.

Page 1 of 5

San Quentin State Prison
Appeal CSQ-2-07-03195
Cranford, J79096
Page 2

You are encouraged to use the sick call process by completing a Request for Health Services (CDC 7362) to request an appointment with a clinician to address your concerns. These forms are available from medical staff. If you are not satisfied with the medical care you are provided at California State Prison – San Quentin, you are encouraged to utilize the inmate appeals process, which is described in the California Code of Regulations, Title 15. This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

R. KANAN, MD
Chief Medical Officer (A)
San Quentin State Prison

RK:co

cc: Appeal File
    Central File

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3350. Provision of Medical Care and Definitions.**
(a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).
(b) For the purposes of this article, the following definitions apply:
(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.

**CCR 3354. Health Care Responsibilities and Limitations.**
(a) Authorized Staff. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so.

# DECLARATION OF SERVICE BY MAIL

I, __Terry Crawford__, the undersigned, declare:
    Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

    CDC No. __J-79096__    Housing __4-14-C__
    San Quentin State Prison
    San Quentin, CA 94974

On __March 3rd__, __2008__, I served the following document(s):
    Month/Day    Year

__Caption sheet showing context 602 medical Appeal and 6 Additional pages / Proof of service by mail__

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

__Office of The Clerk, US District Court__
__Northern District of California__
__1301 Clay St Suite 400 S__
__Oakland California__
__94612-5212__

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this __3rd__ day of __March__, __2008__, at San Quentin, CA, County of Marin.

                                                      _Terry Crawford_
                                                      Signature of declarant