IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY OAK CRANFORD,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>            Defendant(s)._____/ | No. C 07-04611 SBA (PR)<br><br>**AMENDED**<br>**ORDER OF DISMISSAL** |

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff has not exhausted California's prison administrative process, however.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance

1  proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner,
2  532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison
3  life, whether they involve general circumstances or particular episodes, and whether they allege
4  excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement
5  requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81,
6  94 (2006).

7  The State of California provides its prisoners the right to appeal administratively "any
8  departmental decision, action, condition or policy perceived by those individuals as adversely
9  affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file
10 appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e).  In order to exhaust
11 available administrative remedies within this system, a prisoner must proceed through several levels
12 of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;
13 (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director
14 of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal.
15 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review
16 satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

17  Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by
18 defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
19 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   However, a complaint may be dismissed
20 by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
21 exhaustion applies." Id. at 1120.  Here, Plaintiff concedes he has not exhausted his administrative
22 remedies.  Plaintiff has not presented any extraordinary circumstances which might compel that he
23 be excused from complying with PLRA's exhaustion requirement. Cf. Booth, 532 U.S. at 741 n.6
24 (courts should not read "futility or other exceptions" into § 1997e(a)).

25  **Accordingly, the complaint is DISMISSED without prejudice to refiling after**
26 **exhausting California's prison administrative process. See McKinney v. Carey, 311 F.3d 1198,**
27 **1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner**
28

2

**exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).**

The Clerk of the Court shall close the file and terminate any pending motions. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

IT IS SO ORDERED.

DATED: 10/21/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TERRY OAK CRANFORD,

        Plaintiff,

v.

CA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV07-04611 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry D. Cranford J-79096
600 Morgan Street
Santa Rosa, CA 95401

Dated: October 22, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Cranford4611.AmendedDISexh.wpd    4